**Narinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71473.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Narinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on the inconsistencies in Singh's testimony regarding key elements of his asylum claim, including the events leading up to his departure and the persecution he claims to have suffered. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum application, including identity and membership in a persecuted group). Singh's contention that the IJ improperly faulted him for not providing corroborating evidence does not compel a contrary result, because even had Singh's evidence been admitted, it would not have resolved the inconsistencies in his testimony. *See Malhi*, 336 F.3d at 993.

Further, the IJ properly relied on the asylum officer's assessment to refer in making her adverse credibility determination as the evidence was probative and its admission was fundamentally fair. *See Ladha v. INS*, 215 F.3d 889, 904 (9th Cir.2000).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Singh did not testify credibly, he did not establish eligibility for asylum or withholding of removal. *See Mahli,* 336 F.3d at 993. Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he would be tortured if returned to India. *See Malhi,* 336 F.3d at 993.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.